UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMGEN, INC., et al.,<br><br>          Plaintiff,<br><br>   v.<br><br>ROBERT F. KENNEDY, JR., Secretary of Department of Health and Human Services, et al.,<br><br>         Defendant. | Civil Action No. 24-3571 (JEB) |

## ANSWER

Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services, the Department of Health and Human Services (the "HHS"), the Health Resources and Services Administration (the "Administration" or "HRSA"), and its Administrator (collectively, "Defendants"), by and through the undersigned counsel, hereby file this Answer to the Complaint (ECF No. 1) filed by Plaintiffs, Amgen, Inc., Eli Lilly and Company, and UCB, Inc. (collectively, "Plaintiffs") on December 20, 2024. All allegations in the Complaint that Defendants have not specifically admitted are hereby denied. All allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendants respond to the Complaint as follows:

**INTRODUCTION**[1]

1.      This paragraph consists of Plaintiffs' characterization of the 340B Program, to which no response is required. To the extent a response may be deemed required, Defendants admit that under Section 340B of the Public Health Service Act (PHSA), certain health facilities, as "covered entities" in the 340B Drug Pricing Program, are eligible to purchase drugs at discounted prices; and the 340B statute defines "covered entities" to include clinics that treat sexually transmitted diseases (STDs) using grant funding obtained from state or local governments; and that the U.S. Department of Health and Human Services (HHS), in accordance with the PHSA, certifies annually the eligibility of all covered entities. Defendants deny the remaining allegations in this paragraph.

2.      Admit.

3.      Admit.

4.      This paragraph, including subparts a. through d., fails to state a short and plain statement of Plaintiff's claims in violation of Federal Rule of Civil Procedure 8(a)(2). Notwithstanding this violation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, including subparts a. through d.

5.      This paragraph fails to state a short and plain statement of Plaintiffs' claims in violation of Federal Rule of Civil Procedure 8(a)(2). Notwithstanding this violation, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

---

[1]      For ease of reference, Defendants refer to Plaintiffs' headings and titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

6.      This paragraph consists of Plaintiff's characterization of this lawsuit to which no response is required.

7.      Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

8.      This paragraph contains conclusions of law to which no response is required. To the extent a response may be deemed required, denied.

## JURISDICTION AND VENUE

9.      This paragraph consists of conclusions of law to which no response is required. To the extent a response may be deemed required, deny.

10.     This paragraph consists of a conclusion of law to which no response is required. To the extent a response may be deemed required, deny.

11.     This paragraph consists of a conclusion of law to which no response is required. To the extent a response may be deemed required, deny

## PARTIES

12.     Defendants admit that Plaintiff Eli Lilly and Company (Lilly) participates in the 340B Program. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

13.     Defendants admit that Plaintiff Amgen Inc. (Amgen) participates in the 340B Program. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and the accompanying footnote.

14.     Defendants admit that Plaintiff UCB, Inc. (UCB) participates in the 340B Program. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

15.    Defendants admit that Robert F. Kennedy, Jr. is the Secretary of HHS and is substituted in into the lawsuit in replace of his predecessor pursuant to Federal Rule of Civil Procedure 25(d); that he has ultimate responsibility over HRSA; that he is sued in his official capacity only; and that he maintains an office at 200 Independence Avenue, S.W., Washington, D.C. 20201.  Defendants deny the remaining allegations of this paragraph.

16.    Admit.

17.    Defendants admit that Thomas Engels is the current Administrator of HRSA and is substituted in into the lawsuit in place of his predecessor pursuant to Federal Rule of Civil Procedure 25(d); that he has ultimate responsibility over HRSA's Office of Pharmacy Affairs; that he is sued in his official capacity only; and that he maintains an office at 5600 Fishers Lane, Rockville, MD 20857.  Defendants deny the remaining allegations of this paragraph.

18.    Admit.

## ALLEGATIONS

19.    This paragraph consists of Plaintiffs' characterization of the 340B program to which no response is required. To the extent a response may be deemed required, Defendants respectfully refer the Court to the authorities cited in this paragraph for a complete and accurate statement of their contents, and deny any allegations inconsistent therewith.

20.    This paragraph consists of Plaintiffs' characterization of 42 U.S.C. § 256b(a)(4), to which no response is required. To the extent a response may be deemed required, Defendants respectfully refer the Court to the statute referenced in this paragraph for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

21.    This paragraph consists of Plaintiffs' characterization of the 340B program to which no response is required. To the extent a response may be deemed required, Defendants respectfully

refer the Court to the authorities cited in this paragraph for a complete and accurate statement of their contents, and deny any allegations inconsistent therewith.

22.    This paragraph consists of Plaintiffs' characterization of the 340B program to which no response is required. To the extent a response may be deemed required, Defendants respectfully refer the Court to the statute cited in this paragraph for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

23.    This paragraph consists of Plaintiffs' characterization of the 340B program to which no response is required. To the extent a response may be deemed required, Defendants respectfully refer the Court to the statute cited in this paragraph for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

24.    This paragraph, including footnote 4, consists of Plaintiffs' characterization of the 340B program to which no response is required. To the extent a response may be deemed required, Defendants respectfully refer the Court to the statute cited in this paragraph for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

25.    This paragraph consists of Plaintiffs' characterization of the 340B program to which no response is required. To the extent a response may be deemed required, Defendants respectfully refer the Court to the statute cited in this paragraph for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

25.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

26.    This paragraph consists of Plaintiffs' characterization of the 340B program to which no response is required. To the extent a response may be deemed required, Defendants respectfully

refer the Court to the statute cited in this paragraph for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

27.    This paragraph consists of Plaintiffs' characterization of the 340B program to which no response is required. To the extent a response may be deemed required, Defendants respectfully refer the Court to the statute and guidance material cited in this paragraph for a complete and accurate statement of their contents, and deny any allegations inconsistent therewith.

28.    This paragraph consists of Plaintiffs' characterization of HRSA's statements in a separate civil action to which no response is required. To the extent that a response may be deemed required, Defendants respectfully refer the Court to the pleading quoted in this paragraph for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

29.    Deny.

30.    This paragraph consists of Plaintiffs' characterization of the 340B program to which no response is required. To the extent a response may be required, Defendants admit that HRSA annually certifies covered entities that are eligible for the 340B Program under 42 U.S.C. § 256b(a)(4)(J)-(K). Otherwise, Defendants respectfully refer the Court to the statute cited in this paragraph for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

31.    Deny.

32.    This paragraph consists of Plaintiffs' characterization of the 340B program to which no response is required. To the extent a response may be required Defendants respectfully refer the Court to the statute cited in this paragraph for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

33.    Defendants admit only that HRSA has issued guidance regarding the definition of a covered entity "patient."  This paragraph consists of Plaintiffs' characterization of that guidance, to which no response is required.  To the extent a response may be deemed required, Defendants respectfully refer the Court to 61 Fed. Reg. 55,156 (Oct. 24, 1996) for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.  This paragraph also states legal conclusions as to which no response is required.  To the extent a response may be deemed required, Defendants deny those allegations in this paragraph.

34.    This paragraph consists of Plaintiffs' characterization of the 340B program to which no response is required. To the extent a response may be required Defendants respectfully refer the Court to the statute cited in this paragraph for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

### HRSA's Certification and Recertification of Entities Associated with Sagebrush Health Services

35.    This paragraph consists of Plaintiffs' characterization of the instant action to which no response is required.

36.    Admit.

37.    Defendants admit that as of the date of this filing, the 340B Office of Pharmacy Affairs Information System (OPAIS) includes 84 entities with a unique 340B ID that have "Sagebrush Health Services" in the "Name" field, and a different entity in the "Subdivision Name," field and that of those 84 entities, 10 are currently participating in the 340B Program.

38.    Deny. Defendants further aver that as of the date of this filing there are ten active entities with a unique 340B ID listed in OPAIS with "Sagebrush Health Services" in the "Name" field, and that all ten of these facilities have an "entity type" field with "Sexually Transmitted Diseases,"

indicating that they participate in the 340B Program as "an entity receiving funds . . . relating to treatment of sexually transmitted diseases" under 42 U.S.C. § 256b(a)(4)(K).

39.    Deny. Defendants further aver that as of the date of this filing there are 74 inactive entities listed on OPAIS with a unique 340B ID with "Sagebrush Health Services" in the "Name" field, a different name in the "Subdivision" field, and an "entity type" field with "Sexually Transmitted Diseases."

**Lilly's Allegations:**

40.    This paragraph consists of Plaintiff Lilly's characterization of its claims to which no response is required.

41.    Defendants lack knowledge or information sufficient to form a belief about the factual allegations in this paragraph.

42.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the first sentence of this paragraph. Defendants further aver that HRSA last recertified Fire Mesa ID on June 26, 2025.

43.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

44.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

45.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

46.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the first sentence of this paragraph. Defendants further aver that HRSA last recertified Rainbow Rheumatology on June 26, 2025.

47.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

48.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the first sentence of this paragraph. Defendants further aver that HRSA last recertified Southington Clinic - CT on June 4, 2024.

49.     Defendants admit that Southington Clinic – CT's currently inactive OPAIS listing shows the above information.

50.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

51.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the first sentence of this paragraph. Defendants further aver that HRSA last recertified Centennial SACI on June 26, 2025.

52.     Deny. Defendants further aver that as of December 20, 2024, there were 6 active Skin and Cancer Institute (SACI) locations listed in OPAIS as participating in the 340B Program, and identified by Sagebrush as its subdivisions during the certification and recertification process.

53.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

54.     Admit.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

56.     This paragraph consists of Plaintiff's characterization of its claims to which no response is required.

57.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

58.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

59.     The allegations in this paragraph include legal conclusions and legal arguments as to which no response is required.

60.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

61.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

62.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

63.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

64.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

65.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

66.     Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the first sentence of this paragraph. Defendants further aver that HRSA last recertified Hummingbird Medical Group on September 4, 2025.

67.     This paragraph fails to state a short and plain statement of Plaintiff's claims in violation of Federal Rule of Civil Procedure 8(a)(2).    Notwithstanding this violation, Defendants lack

knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

68.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

69.    Admit.

70.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

71.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the first sentence of this paragraph. Defendants further aver that HRSA last recertified Dr. Ann Wierman, MD on June 26, 2025.

72.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

73.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

74.    Admit.

75.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

76.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the first sentence of this paragraph. Defendants further aver that HRSA last recertified Danbury Rd Clinic on May 31, 2024.

77.    Admit.

78.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

79.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the first sentence of this paragraph. Defendants further aver that HRSA last recertified Eastern Rheumatology on June 11, 2024.

80.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

**UCB's Allegations:**

81.    This paragraph consists of Plaintiff's characterization of its claims to which no response is required.

82.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

83.    This paragraph fails to state a short and plain statement of Plaintiff's claims in violation of Federal Rule of Civil Procedure 8(a)(2).  Notwithstanding this violation, Defendants admit that HRSA last certified Battleborn Health Care on June 12, 2025. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph.

84.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

85.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.

86.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the first sentence of this paragraph.

87.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the first sentence of this paragraph.

88.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the first sentence of this paragraph.

89.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in the first sentence of this paragraph.

90.    Defendants admit that HRSA received a letter from Lilly on September 19, 2024, and that the letter includes the quoted language. Defendants respectfully refer the Court to Lilly's September 19, 2024 letter for a complete and accurate statement of their contents, and deny any allegations inconsistent therewith.

91.    Defendants admit that HRSA received a letter from Lilly on August 16, 2024, and that HRSA responded via email with the quoted language. Defendants respectfully refer the Court to Lilly's August 16, 2024 letter and HRSA's August 16, 2024 email for a complete and accurate statement of their contents, and deny any allegations inconsistent therewith.

92.    Defendants admit HRSA has not provided Lilly with further information on its review. Defendants deny the remaining allegations in this paragraph.

**LEGAL ALLEGATIONS**

93.    This paragraph fails to state a short and plain statement of Plaintiffs' claims in violation of Federal Rule of Civil Procedure 8(a)(2).  Notwithstanding this violation, Defendants aver that this paragraph consists of conclusion of law and legal arguments to which no response is required.

94.    This paragraph consists of Plaintiffs' characterization of the 340B Program, to which no response is required. To the extent that a response may be deemed required, Defendants respectfully refer the Court to the statute cited in this paragraph for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

95.    This paragraph fails to state a short and plain statement of Plaintiff's claims in violation of Federal Rule of Civil Procedure 8(a)(2).  Notwithstanding this violation, Defendants aver that this paragraph consists of conclusion of law and legal arguments to which no response is required.

96.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response may be deemed required, Defendants respectfully refer the Court to the 340B statute, 42 U.S.C. § 256b, and H.R. Rep. 102-384(II) for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

97.    Defendants admit only that HRSA's Frequently Asked Questions webpage for the 340B Program includes the quoted language. Defendants respectfully refer the Court to the guidance referenced in this paragraph for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

98.    Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations in this paragraph.  The allegations in this paragraph also consist of legal conclusions, to which no response is required.  To the extent a response may be deemed required, Defendants deny the allegations in this paragraph.

99.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

100.    This paragraph consists of Plaintiff's characterization of the referenced statute (42 U.S.C. § 256b(a)(4)) to which no response is required.

101.    This paragraph consists of Plaintiff's characterization of the referenced statute (42 U.S.C. § 256b(a)(4)) to which no response is required.

102.    Defendants admit only that HRSA has issued guidance regarding the definition of a covered entity "patient."  This paragraph consists of Plaintiffs' characterization of that guidance,

to which no response is required.  To the extent a response may be deemed required, Defendants respectfully refer the Court to 61 Fed. Reg. 55,156 (Oct. 24, 1996) for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith. The remaining allegations in this paragraph state legal conclusions as to which no response is required.  To the extent a response may be deemed required, Defendants deny the allegations in this paragraph.

103.    Defendants admit that HRSA's FAQ webpage for the 340B Program includes the quoted language. Defendants respectfully refer the Court to the website quoted in this paragraph for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

104.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is may be deemed required, Defendants deny the allegations in this paragraph.

105.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response may be deemed required, Defendants deny the allegations in this paragraph.

106.    This paragraph fails to state a short and plain statement of Plaintiff's claims in violation of Federal Rule of Civil Procedure 8(a)(2).  Notwithstanding this violation, Defendants aver that this paragraph consists of conclusion of law to which no response is required.

107.    This paragraph consists of conclusion of law and legal arguments to which no response is required.

108.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

109.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

110.    This paragraph consists of conclusions of law and legal arguments to which no response is required.

111.    This paragraph consists of Plaintiffs' characterization of the 340B Program to which no response is required.

112.    This paragraph consists of conclusion of law to which no response is required.

113.    This paragraph consists of conclusion of law to which no response is required.

114.    This paragraph consists of conclusion of law to which no response is required.

115.    This paragraph consists of conclusion of law to which no response is required.

116.    Defendants admit that, as of December 20, 2024, when the Complaint was filed, Centennial SACI, Hummingbird Medical Group, Dr. Ann Wierman, MD, and Battleborn Health Care were listed in OPAIS and identified by Sagebrush as its subdivisions during the certification and recertification process. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph.

117.    This paragraph consists of Plaintiffs' characterization of the 340B Program, to which no response is required.

118.    This paragraph consists of Plaintiffs' characterization of the 340B Program, to which no response is required.

119.    This paragraph consists of Plaintiffs' characterization of the 340B Program, to which no response is required.

120.    This paragraph consists of Plaintiffs' characterization of the 340B Program, to which no response is required.

121.    Defendants admit only that HRSA's FAQ webpage for the 340B Program includes the quoted language.  The remaining allegations in this paragraph consist of legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Defendants

respectfully refer the Court to the website quoted in this paragraph for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

122.    This paragraph consists of conclusions of law to which no response is required.  To the extent a response is may be deemed necessary, Defendants deny the allegations in this paragraph.

123.    This paragraph consists of conclusions of law to which no response is required.  To the extent a response is may be deemed necessary, Defendants deny the allegations in this paragraph.

124.    This paragraph consists of Plaintiff's characterization of the referenced statute (42 U.S.C. § 256b(a)(4)) to which no response is required.

125.    This paragraph consists of Plaintiff's characterization of the referenced statute (42 U.S.C. § 256b(a)(7)) to which no response is required.

126.    This paragraph consists of Plaintiff's characterization of the referenced statute (42 U.S.C. § 256b(a)(7)) to which no response is required.

127.    This paragraph consists of Plaintiff's characterization of the referenced statute (42 U.S.C. § 256b(a)(7)) to which no response is required.

128.    Deny.

129.    Deny.

130.    This paragraph consists of conclusions of law to which no response is required.

**CLAIMS FOR RELIEF**

**First Claim for Relief**

***Violation of the Administrative Procedure Act***
***(Declaratory/Injunctive Relief - HRSA's decisions to certify and recertify entities that do not provide services within the scope of an STD grant exceed the agency's statutory authority and are arbitrary, capricious, and an abuse of discretion)***

131.    Defendants hereby repeat and reassert their responses to preceding paragraphs as if fully set forth herein.

132.    This paragraph consists of  conclusions of law to which no response is required.

133.    This paragraph consists of conclusions of law to which no response is required.

134.    This paragraph consists of a conclusion of law to which no response is required.

135.    This paragraph consists of conclusions of law to which no response is required. To the extent a response may be deemed required, Defendants deny the allegations in this paragraph against HRSA.

136.    Defendants admit that HRSA has certified the covered entities listed in this paragraph for the 340B Program.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph.

137.    This paragraph consists of conclusions of law to which no response is required.

138.    Deny.

139.    Deny.

### SECOND CLAIM FOR RELIEF
### Violation of the Administrative Procedure Act
### (Declaratory/Injunctive Relief - HRSA's decisions to recertify entities that divert 340Bpriced drugs to non-patients exceed the agency's statutory authority and are arbitrary, capricious, and an abuse of discretion)

140.    Defendants hereby repeat and reassert their responses to preceding paragraphs as if fully set forth herein.

141.    This paragraph consists of conclusions of law to which no response is required.

142.    Defendants admit that HRSA has certified the covered entities listed in this paragraph for the 340B Program.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph.

143.    This paragraph consists of conclusions of law to which no response is required. To the extent a response may be deemed required, Defendants deny the allegations in this paragraph against HRSA.

144.    Deny.

145.    This paragraph consists of Plaintniff's requested relief, for which a response is not required. To the extent a response is required, Defendants deny Plaintiff is entitled to any relief whatsoever.

### THIRD CLAIM FOR RELIEF
**Violation *of the Administrative Procedure Act***
***(Declaratory/Injunctive Relief - HRSA's decisions certifying and recertifying subsubgrantees exceed the agency's statutory authority and are arbitrary, capricious, an abuse of discretion, and not in accordance with law)***

146.    Defendants hereby repeat and reassert their responses to preceding paragraphs as if fully set forth herein.

147.    This paragraph consists of conclusions of law to which no response is required.

148.    Defendants admit only that HRSA certified/recertified the entities listed in this paragraph based on receipt of in-kind support paid for by an STD grant. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph.

149.    This paragraph consists of conclusions of law to which no response is required.

150.    Deny.

151.    This paragraph consists of Plaintniff's requested relief, for which a response is not required. To the extent a response is required, Defendants deny Plaintiff is entitled to any relief whatsoever.

### FOURTH CLAIM FOR RELIEF
***Violation of the Administrative Procedure Act***
***(Declaratory/Injunctive Relief - HRSA's decisions certifying and recertifying entities receiving only in-kind contributions exceed the agency's statutory authority and are arbitrary, capricious, and an abuse of discretion)***

152.    Defendants hereby repeat and reassert their responses to preceding paragraphs as if fully set forth herein.

153.    This paragraph consists of conclusions of law to which no response is required.

154.    Admit.

155.    This paragraph consists of conclusions of law to which no response is required.

156.    Deny.

157.    This paragraph consists of Plaintniff's requested relief, for which a response is not required. To the extent a response is required, Defendants deny Plaintiff is entitled to any relief whatsoever.

### FIFTH CLAIM FOR RELIEF
### *Violation of the Administrative Procedure Act*
### *(Declaratory/Injunctive Relief – HRSA's failure to establish the requisite process for the certification of STD grantees and to make its criteria for certification available to manufacturers exceeds the agency's statutory authority and is arbitrary, capricious, and an abuse of discretion)*

158.    Defendants hereby repeat and reassert their responses to preceding paragraphs as if fully set forth herein.

159.    Admit.

160.    Admit.

161.    Admit.

162.    Deny.

163.    Deny.

164.    This paragraph consists of conclusions of law to which no response is required.

165.    This paragraph consists of conclusions of law to which no response is required.

166.    This paragraph consists of Plaintniff's requested relief, for which a response is not required. To the extent a response is required, Defendants deny Plaintiff is entitled to any relief whatsoever.

## PRAYER FOR RELIEF

The remaining portion of the Complaint starting with "Prayer for Relief," including subparagraphs 1 through 8 contain Plaintiffs' request or prayer for relief to which no response is required. To the extent a response may be deemed required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## <u>DEFENSES</u>

Defendants reserve the right to plead all affirmative defense which through review of the administrative record it learns may be applicable.

## FIRST DEFENSE

The Court lacks subject-matter jurisdiction over Plaintiffs' requests for relief to the extent that any requested relief exceeds the relief authorized by the Administrative Procedure Act.

## SECOND DEFENSE

All actions taken by the Defendants with respect to Plaintiffs were rendered in accordance with law and in good faith and are supported by the administrative record.

## THIRD DEFENSE

All actions taken by the Defendants were supported by substantial evidence.

## FOURTH DEFENSE

Plaintiffs are nether eligible for nor entitled to attorney's fees or costs.

Dated: September 17, 2025
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:  */s/ Kimberly A. Stratton*
    KIMBERLY A. STRATTON
    P.A. Bar #327725
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    Ph: (202) 417-4216
    Email: kimberly.stratton@usdoj.gov

*Attorneys for the United States of America*