THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMGEN INC., *et al.*, | ) <br> ) <br> ) |
| *Plaintiffs*, | ) <br> ) |
| v. | ) <br> ) |
| ROBERT F. KENNEDY JR., in his official capacity, *et al.*, | )    Civil Action No. 1:24-cv-3571 (JEB) <br> ) <br> ) <br> ) |
| *Defendants*. | ) <br> ) |

## JOINT STATUS REPORT

Pursuant to this Court's Minute Order of September 18, 2025, Plaintiffs Amgen Inc., Eli Lilly and Company, and UCB, Inc., and Defendants Robert F. Kennedy, Jr. and Thomas J. Engels (collectively, the "Parties") conferred and respectfully provide this Joint Status Report regarding a proposed briefing schedule. The Parties conferred in good faith on a mutually agreed upon proposed schedule but, after extended discussions, were unable to agree on a proposal. The Parties accordingly agreed to present their alternative proposals to the Court, which are set forth below.

**Plaintiffs' proposal**

| | |
|---|---|
| December 19, 2025 | Defendants shall file the certified index of administrative record and serve the administrative record on Plaintiffs |
| January 30, 2026 | Plaintiffs shall file their motion for summary judgment |
| February 27, 2026 | Defendants shall file a consolidated opposition to Plaintiffs' motion and cross-motion for summary judgment |
| March 27, 2026 | Plaintiffs shall file a consolidated opposition to Defendants' cross-motion and reply in support of their own motion |
| April 24, 2026 | Defendants shall file any reply in support of their cross-motion |
| May 1, 2026 | The parties shall file the joint appendix |

As Plaintiffs noted in connection with their Response to Defendants' Motion to Extend the Answer Deadline, ECF No. 23, Plaintiffs' main concern is that a schedule be set that avoids "caus[ing] briefing in this case to lag far behind Sagebrush's case, even though the latter was filed three months later and seeks the opposite relief." *Id.* at 2 (referencing *Sagebrush Health Services v. Kennedy et al.*, No. 1:25-cv-00915 (JEB) (D.D.C.)). This Court, in granting Defendants' extension motion, noted that "Plaintiffs' concerns can be addressed at the time the Court sets the briefing schedule in this matter." Minute Order (Aug. 18, 2025). The above proposal addresses Plaintiffs' concerns, by setting a schedule under which the deadline for the final filing in this case (the joint appendix, to be filed April 15, 2026) does not lag far behind the deadline in Sagebrush's case. Plaintiffs respectfully submit that the proposed schedule is reasonable, particularly given the legal nature of the case and the fact that Plaintiffs filed their complaint in December 2024, such that Defendants have already had nearly a year to contemplate Plaintiffs' claims and any possible responses.

To the extent Defendants assert they need more time to compile the administrative record, Defendants have known since early August—when this Court denied their partial motion to dismiss—that an administrative record would need to be produced. Assuming Defendants did not begin compiling the administrative record until after their motion to dismiss was denied, they had nearly two months to do so before the lapse in appropriations began. Against this backdrop, Plaintiffs cannot consent to a schedule that would defer Defendants' deadline to produce the administrative record for more than two additional months—particularly where Defendants' proposed deadline would fall after the next potential lapse in appropriations on January 30. In addition, Plaintiffs are willing to take responsibility for preparing the joint appendix, which can be accomplished in a week or less.

**Defendants' proposal**

Defendants propose the following briefing schedule:

| | |
|---|---|
| February 3, 2026 | Defendants shall file the certified index of administrative record and serve the administrative record on Plaintiffs |
| March 5, 2026 | Plaintiffs shall file their respective motions for summary judgment (should Plaintiffs choose not to file a consolidated brief); |
| April 16, 2026 | Defendants shall file a combined opposition to Plaintiffs' motions and cross-motion for summary judgment; |
| May 14 2026 | Plaintiffs shall file their respective oppositions to Defendants' cross-motion and reply in support of their own respective motions; |
| June 11, 2026 | Defendants shall file any reply in support of their cross-motion; and |
| July 10, 2026 | The parties shall confer and file the joint appendix to include the records referenced in their submissions. |

The Defendants' proposed schedule accounts for other litigation responsibilities of the undersigned counsel, including significant obligations by government counsel that accrued during the lapse in appropriations. In addition, the Defendants' proposed schedule accounts for other competing commitments of the agency's personnel responsible for compiling the administrative record which were also interrupted by the government wide shut down. While Plaintiffs would like to anchor Defendants' efforts to compile the administrative record to the Court's August 4, 2025, Memorandum Opinion, that event does not trigger the obligation to compile and file the index to the administrative record until the Defendants answered the complaint on September 17, 2025 (*see* Answer, ECF No. 24). The Court subsequently directed the parties to submit a proposed briefing schedule by October 1, 2025 (Min. Order (Sep. 18, 2025)), which happened to be the first day of the forty-three day government wide shut down. The undersigned was furloughed during that time. Consequently, numerous matters that were delayed during the shutdown all must

be rescheduled and the undersigned must get back up to speed on developments that occurred on the large dockets during this prolonged absence. As a result, an extended briefing schedule is warranted under these circumstances.

Moreover, Defendants' proposed schedule built in time for the parties to confer over the contents of the administrative record before Defendants file the certified index of the administrative record.

Plaintiffs' desire to keep the briefing in this case close to the briefing schedule in the related case *Sagebrush Health Services v. Kennedy*, Civ. A. No. 25-0915 (JEB) (D.D.C.), should not rush the briefing schedule in the instant case. Briefing has not concluded in the related case. Plaintiffs will not be prejudiced if the briefing in the instant case concludes after the related case. The instant case is complex and involves the participation of multiple third-party medical entities in the 340B program. Defendants require a reasonable amount of time to compile what will likely be a voluminous administrative record, and adequate time to mount an appropriate defense to what will be no doubt be voluminous filings by Plaintiffs. A shorter time frame would irreparably prejudice Defendants as they will be forced to compile an administrative record and brief a complex mater on an expedited schedule.

For these reasons, the Defendants respectfully request that the Court adopt the Defendants' proposed briefing schedule.

Dated: November 24, 2025                    Respectfully submitted,

/s/ Allon Kedem
Allon Kedem (D.C. Bar No. 1009039)
Jeffrey L. Handwerker (D.C. Bar. No. 451913)
ARNOLD & PORTER
    KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5000
allon.kedem@arnoldporter.com
jeffrey.handwerker@arnoldporter.com

*Counsel for Plaintiffs Eli Lilly and Company and UCB, Inc.*

HOGAN LOVELLS US LLP

/s/ Susan Cook
Susan Cook (D.C. Bar No. 462978)
Marlan Golden (D.C. Bar No. 1673073)
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Tel: (202) 637-5600
susan.cook@hoganlovells.com

*Counsel for Amgen Inc.*


JEANINE FERRIS PIRRO
United States Attorney


By: /s/ Kimberly A. Stratton
Kimberly A. Stratton
P.A. Bar #327725
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 417-4216
kimberly.stratton@usdoj.gov

*Attorneys for the United States of America*

5