UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMGEN INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., *et al.*,<br><br>Defendants. | Civil Action No. 24-3571 (JEB) |

### MEMORANDUM OPINION AND ORDER

Plaintiffs Amgen, Eli Lilly, and UCB sell prescription medication. See ECF No. 1 (Compl.), ¶ 4. In 2024, they brought this lawsuit to challenge the Government's implementation of Section 340B of the Public Health Service Act, which requires pharmaceutical companies to sell their drugs at discounted rates to certain healthcare providers, including government-funded clinics that treat sexually transmitted diseases. Id., ¶¶ 19–26. Only providers that meet Section 340B's requirements can make use of these discounts, and covered entities must get certified and periodically recertified as eligible by the Secretary of Health and Human Services. See 42 U.S.C. § 256b(a)(7). Plaintiffs contend that the Secretary, along with the Health Resources and Services Administration (HRSA), the HHS department that administers Section 340B, have shirked their duties — certifying ineligible providers as qualifying STD clinics and thereby costing Plaintiffs millions in unwarranted discounts. See Compl., ¶¶ 28–34. Plaintiffs challenge the legality of the Government's overall certification process, as well as the specific certification of one healthcare entity, Sagebrush Health Services, and its nine subdivisions. Id. at 41–43.

1

Community Care Resources of Florida (CCRF), one of the certified STD clinics receiving discounted medicine under Section 340B, but not one of the providers Plaintiffs seek to decertify, now moves to intervene as a defendant. See ECF No. 27 (Mot.) at 1. It asks to join the lawsuit to "defend . . . the certification and recertification process" and to "represent[] the interests of the STD clinics that HHS certifies." Id. Plaintiffs oppose the Motion, arguing that CCRF's intervention would be improper. See ECF No. 29 (Opp.) at 1. The Court will grant the Motion.

**I.   Legal Standard**

Federal Rule of Civil Procedure 24 details two forms of intervention: intervention as of right and permissive intervention. Under Rule 24(a)(2), courts must permit intervention when an intervenor "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." See also Bldg. and Const. Trades Dep't, AFL-CIO v. Reich, 40 F.3d 1275, 1282 (D.C. Cir. 1994). Rule 24(b), conversely, allows courts to grant intervention where the intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Courts have "wide latitude" in exercising their discretion over permissive intervention. EEOC v. Nat'l Child.'s Ctr., Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998). In doing so, however, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b).

Our Circuit has at times described the need for intervenor-defendants to show Article III standing, even though standing is a hurdle typically reserved for plaintiffs — i.e., the parties seeking to invoke a court's jurisdiction. Crossroads Grassroots Pol'y Strategies v. Fed. Election

Comm'n, 788 F.3d 312, 316 (D.C. Cir. 2015) ("[W]here a party tries to intervene as another defendant, we have required it to demonstrate Article III standing."); Yocha Dehe v. U.S. Dep't of the Interior, 3 F.4th 427, 431–32 (D.C. Cir. 2021) ("Because [intervenor-defendant] does not currently satisfy the injury requirement of Article III standing, it lacks standing to intervene."). Such a showing is unnecessary, however, when the intervenor-defendant "seek[s] the same relief sought by at least one existing party." Institutional S'holder Servs., Inc. v. Sec. & Exch. Comm'n, 142 F.4th 757, 764 n.3 (D.C. Cir. 2025) (citing Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania, 591 U.S. 657, 674 n.6 (2020)).

**II.     Analysis**

Although CCRF may be able to intervene here as a matter of right, the Court need not so decide because it will grant permissive intervention.

To begin, CCRF seeks the same outcome as Defendants — the Court's upholding of HRSA's Section 340B certification procedures, see Mot. at 1 — so a standing analysis is unnecessary. As for Rule 24(b)'s requirements, the Court finds that CCRF's proposed defense shares a common question of law with the main action. Plaintiffs challenge, among other things, the Government's Section 340B certification process, see Compl. at 41, under which CCRF was previously certified and will presumably pursue recertification. For that reason, CCRF plans to argue, like Defendants, that the certification process is in accordance with the law. See Mot. at 27. This shared defense suffices to show a common question of law with the main action. Sault Ste. Marie Tribe of Chippewa Indians v. Bernhardt, 331 F.R.D. 5, 14 (D.D.C. 2019) ("That [intervenors] share this defense in common with the [Defendant] is sufficient under Rule 24(b)(1)(B).").

Further, the Court finds that CCRF's Motion is timely. Courts in this district review timeliness "in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." Amador Cnty. v. U.S. Dep't of Interior, 772 F.3d 901, 903 (D.C. Cir. 2014) (quoting United States v. British Am. Tobacco, 437 F.3d 1235, 1238 (D.C. Cir. 2006)). Plaintiffs take issue with the fact that CCRF's Motion came in nearly a year after they initiated this lawsuit. See Opp. at 10. Time elapsed, however, does not alone render a motion untimely in the absence of any prejudice to the parties. Roane v. Leonhart, 741 F.3d 147, 151 (D.C. Cir. 2014). Here, briefing on the competing Motions for Summary Judgment has not yet begun, and CCRF has attested that it is "prepared to comply with all scheduling orders." Mot. at 25. In addition, despite Plaintiffs' worry that CCRF will complicate proceedings by putting its own certification at issue, see Opp. at 10, the clinic has assured the Court that it "does not seek to expand the scope of litigation." Mot. at 25. Its additional briefing on issues already before this Court thus will not delay or disrupt the efficient resolution of this case and will not prejudice the existing parties.

The Court accordingly ORDERS that:

1. CCRF's [27] Motion to Intervene is GRANTED; and
2. Intervenor shall comply with the same deadlines and Court Orders as Defendants.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: January 27, 2026